IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

Robert H. Kalk *pro se*
833 North Van Buren Street
Wilmington, DE 19806
240-381-5289

*Plaintiff*

vs.

Civil Number: 04-1486

Fairfield Language Technologies *et al*
135 W. Market St.
Harrisonburg VA 22801
540-432-6166

Eugene Stoltzfus
3893 Mountain Valley Rd
Keezletown, VA 22832-2100
540-269-2005

Kathryn S. Fairfield
165 S. Main Street
Harrisonburg, VA 22801
540-434-0059

*Defendants*

# Opposition to Defendant's Renewed Motion to Dismiss
# Renewed Request for Hearing on the Merits of Motion

*Now the Plaintiff, having received and read the Defendant's Latest Motion to Dismiss, respectfully states as follows:*

1   *Council for the Defendant is attempting to minimize the seriousness of Defendant Kathryn Fairfield's perjures statements and the subornation thereof.* Said statements were contained in Kathryn Fairfield's Affidavit wherein she made the false claim that Fairfield Language Technologies does not solicit business in Delaware. Defendant, through Counsel in the most recent Motion, has admitted to having purposefully availed themselves of conducting activity in the forum, which, in the instant case, would be Delaware. The Defendant's attorney has provided evidence in the form of a copy of the website for USCity.Net. And Defendant Fairfield has admitted, through her attorney, that the company paid $149 for inclusion in a

directory for "all fifty states. The Defendant's solicitation of business in these fifty states is far from "passive" when they actively contract for link placement in state directories. For Defendant to assert now that they did not solicit business in one of those fifty states is, not only evidence or perjury, but it insults the intelligence of the Court and all that shall be perusing the public record upon publication. While the Court opined in 2004 WL 2346137 (D.Del.)) that "Mere accessibility of a website, though, is not a matter of much moment" the Court went on to say that "It is interactivity and the conducting of business over the Internet that carries Jurisdictional consequences." And;

2   ***The Defendants are attempting to mislead the Court through a confused and narrow disintegration of the truth.*** What the Defendants do not want the Court to see is the so-called Non-Competition and Property Rights Agreement (attached) that imposes the will of Fairfield Language Technologies upon employees and former employees as they may be situated anywhere in the world, including Delaware. Their highly selective amplification and contextualization of salient case law includes 2004 WL 2346137 (D.Del.)). The Defendant's Counsel hits repeatedly upon the self-serving points but ignores the statutory provisions cited by the Court in that case and specifically the part about causing tortuous injury in the State by an act or omission in this State. The Defendant placed phone calls and wrote letters to Auralog in Paris, France as well as Phoenix, Arizona to express their displeasure about various issues. In one or more of those out-of-state communications Defendant Fairfield threatened litigation with Auralog over the Employment of the Plaintiff. The Plaintiff was then, and currently remains, resident in Wilmington, Delaware. With reference to the above cited case and statutory provision, the Court Opinion included the following statement and quotation: "The above provisions have been construed "liberally so as to provide jurisdiction to the maximum extent possible" in order "to provide residents a means of redress against those not subject to personal service within the state." <u>Boone v. Oy Partek Ab, 724 A2d 1150 1156-57 (Del.Super. 1997)</u>.

4   ***This action was properly filed under Diversity of Citizenship.*** The Plaintiff is resident in Delaware and was in Delaware at the time the Defendants hateful and malicious conduct caused harm to the Plaintiff.. The Defendants are either resident or registered in Virginia.

## *Whereas, the Plaintiff prays this honorable Court will,*

1   Schedule a Hearing to examine the False and Misleading Statements contained in the Defendants Motion and Accompanying Brief.

2   Grant a reasonable period of Discovery prior to the Hearing.

3   Deny the Defendants Motion to Dismiss.

4   Grant a Declaratory Judgment Stating that the attached "Non-Competition Agreement" is null and void.

*Submitted March 4, 2005 by*

Robert H. Kalk, *pro se*

**Certificate of Service**
I, Robert H. Kalk, hereby certify that on this 4th day of March, 2005, I caused two (2) true and correct copies of the forgoing to be served upon the Attorney listed below for the Defendants, in the above captioned matter, via First Class, U.S. Mail.

Judith M. Kinney
1201 North Market Street, Suite 1500
Wilmington, DE. 19801

Robert H. Kalk – 03-04-2005



# NON-COMPETITION AND PROPERTY RIGHTS AGREEMENT

THIS AGREEMENT is made this _9_ day of _March_, 200_4_ by and between _____ ("Employee") and Fairfield Language Technologies, a Virginia corporation ("Employer").

WHEREAS, the execution of this Agreement by Employee is a material inducement to the Employee's continued employment.

NOW, THEREFORE, for valuable consideration, the sufficiency of which is hereby acknowledged, Employer and Employee agree as follows:

1. **Term.** This Agreement will be effective as of the date signed and shall continue for a period of 12 months after the date of termination (the "Termination Date") of Employee's employment with Employer (the "Agreement Term").

2. **Covenant Not To Compete.** Employee covenants and agrees that during the Agreement Term Employee will not, directly or indirectly, engage or be interested in (as owner, partner, member, shareholder, director, officer, employee, agent, security holder, creditor, consultant or otherwise) any business, firm, person, partnership, limited liability company, corporation or any other entity which is in competition with Employer in the language learning industry.

3. **Agreement Not To Solicit.** Employee agrees that, during the Agreement Term, Employee will not hire, nor encourage any other person or entity to hire, any person who was employed by Employer on the Termination Date, nor solicit, entice, persuade or induce, directly or indirectly, any person or entity doing business with Employer at any time preceding the Termination Date to terminate such relationship.

4. **Remedy for Breach.** Should a court of competent jurisdiction find the time or scope for non-competitive activity by Employee unduly restrictive, Employee agrees in that event the court shall determine what is reasonable and Employee shall abide by that determination as though the same were originally incorporated herein. Should Employee breach this agreement Employee agrees to indemnify Employer for all damages incurred to enforce it, including attorney fees. The right of either party to require strict performance by the other shall not be affected by any previous waiver, forbearance, or course of dealing.

5. **Validity of Covenants.** Employee agrees that the covenants contained in this Agreement are reasonably necessary to protect the legitimate interests of Employer, are reasonable with respect to time and scope, and do not interfere with the interests of the public. Employee further agrees that the descriptions of the covenants contained in this Agreement are sufficiently accurate and definite to inform Employee of the scope of the covenants.

6. **Property Rights.** Employee hereby assigns to Fairfield exclusive right, title and interest to all ideas or inventions which originate with Employee in whole or in part during the period of employment, whether written or not, and whether or not patentable or eligible for protection under copyright law. Employee agrees to assist Fairfield, at Fairfield's own expense, to obtain trademarks and execute all documents. However, nothing in this paragraph shall apply to ideas or inventions (1) developed on the Employee's own time, (2) without the use of trade secrets (confidential information that confers a competitive advantage and is not generally known outside the company) or company supplies, equipment, facilities, or property, and (3) which is not based on any work performed for Fairfield or relate to Fairfield's business or actual or demonstrably anticipated research or development.

7. **Controlling Law.** This Agreement shall be construed according to the laws of the Commonwealth of Virginia.

8. **Severability.** Each provision of this Agreement shall be considered separable. If for any reason any provision is determined to be invalid, such invalidity shall not impair or otherwise affect the validity of the other provisions of this Agreement. Moreover, the parties agree to replace the invalid provision with a substitute provision that will satisfy the intent of the parties.

9. **Entire Agreement.** This Agreement constitutes the entire agreement between the parties and shall bind and inure to the benefit of Employer and Employee.

10. **Waiver.** The failure of Employer to insist upon strict adherence to any term of this Agreement on any occasion shall not be considered a waiver thereof or deprive Employer of the right thereafter to insist upon strict adherence to that term or any other term of this Agreement.

WITNESS the following signature.

_[signature]_