IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **ROBERT H. KALK,** *pro se* : | |
| : | |
| **Plaintiff,** : | |
| : | |
| v. : | |
| : | Civil Action No. 04-1486-JJF |
| **FAIRFIELD LANGUAGE** : | |
| **TECHNOLOGIES** *et al.*, : | |
| **EUGENE STOLTZFUS,** : | |
| **and KATHRYN S. FAIRFIELD** : | |
| : | |
| **Defendants.** : | |

**DEFENDANTS' MOTION TO STRIKE PLAINTIFF'S SUR-REPLY PAPERS**

Defendants Fairfield & Sons DBA Fairfield Language Technologies, Eugene Stoltzfus, and Kathryn S. Fairfield (collectively "defendants"), by and through their counsel, respectfully move this Court for an Order striking the *pro se* plaintiff's papers, docket item ("D.I.") 8, filed in sur-reply to defendants' Reply brief. In support of their Motion to Strike, defendants state as follows:

**PROCEDURAL BACKGROUND**

1. Plaintiff filed his Complaint on December 1, 2004. D.I. 1. Defendants opted to accept service by mail and responded to plaintiff's Complaint within the requisite 60 days by filing a Motion to Dismiss the Complaint pursuant to Fed.R.Civ.P. 12(b)(2) on January 31, 2005. D.I. 3. Defendants filed their Opening Brief that same day. D.I. 4.

2. Plaintiff filed his Answering papers on February 9, 2005, D.I. 5, and served them by mail on defendants. Defendants timely filed their Reply Brief on February 22, 2005, D.I. 6.

Defendants filed an Errata on February 24, 2005, to correct and clarify two sentences in the original Reply Brief.  D.I. 7.  Under D. Del. LR 7.1.2, briefing was then completed.

      3.  On March 4, 2005, without seeking or obtaining leave of Court, contrary to the local rules, plaintiff filed sur-reply papers in response to defendants' Reply Brief.

## RELIEF REQUESTED

      4.  The local rules of this Court do not permit the filing of sur-reply papers without approval of the Court, "except that a party may call to attention and briefly discuss pertinent cases decided after a party's final brief is filed or after oral argument."  D. Del. LR 7.1.2(c).  In the instant case, plaintiff filed sur-reply papers that do not fulfill the requirements of the rule; the papers do not discuss new law decided after the completion of briefing and he did not obtain leave of Court prior to filing.  Moreover, plaintiff's sur-reply contains misstatements in paragraph one that mischaracterize the evidence:  as defendants' Errata sets forth, defendants did **not** solicit, apply, or pay a fee to have their website appear on the USCity.net web directory.  Under the rules of this Court, and because he has blatantly mischaracterized the evidence, plaintiff's sur-reply papers should be stricken from the record.

      5.  In addition to being improperly filed under the local rules, plaintiff's sur-reply should be stricken because it contains argument on substantive issues not currently before this Court.  Presently, defendants have requested that this Court decide jurisdiction prior to addressing any issues on the merits.  Defendants respectfully submit that this case should be dismissed for lack of personal jurisdiction and that this Court should not hear substantive issues.  However, in paragraph two, plaintiff again prematurely raises issues that go to the merits of this case, and

defendants argue that his sur-reply should be stricken as both non-compliant with the Court's rules and as premature.

6. Under the Court's inherent authority to police its docket, the Court has authority to strike papers that have been inappropriately filed.

7. This Motion presents no novel issues of law, and, in the interests of judicial efficiency and economy, defendants waive their right to file an opening brief on the issues presented in this Motion and respectfully request that the Court consider the argument contained herein in lieu of the opening brief. The right to file a reply brief is expressly reserved.

WHEREFORE, defendants request that this Court enter an Order striking plaintiff's "Opposition to Defendant's Renewed Motion to Dismiss Renewed Request for Hearing on the Merits of Motion" filed on March 4, 2005.

Respectfully submitted,

/s/ Judith M. Kinney
Judith M. Kinney, Esquire
DE Bar No. 3643
REED SMITH LLP
1201 North Market Street, Suite 1500
Wilmington, DE 19801
Tel: 302.778.7571
Fax: 302.778.7575
e-mail: jkinney@reedsmith.com
*Counsel for Defendants Fairfield & Sons DBA Fairfield Language Technologies, Eugene Stoltzfus and Kathryn Fairfield*

Dated: March 8, 2005