IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ROBERT H. KALK,<br><br>    Plaintiff,<br><br>    v.<br><br>FAIRFIELD LANGUAGE TECHNOLOGIES ET AL., EUGENE STOLTZFUS, and KATHRYN S. FAIRFIELD,<br><br>    Defendants. | : <br>:<br>:<br>:<br>: Civil Action No. 04-1486 JJF<br>:<br>:<br>:<br>:<br>:<br>: |

Robert H. Kalk,
Pro Se Plaintiff.

Judith M. Kinney, Esquire of REED SMITH LLP, Wilmington, Delaware.
Attorney for Defendants.

**MEMORANDUM OPINION**

April 22, 2005
Wilmington, Delaware

**Farnan, District Judge.**

Presently before the Court is a Motion To Dismiss The Complaint (D.I. 3) filed by Defendants Fairfield Language Technologies et al., Eugene Stoltzfus, and Kathryn S. Fairfield. For the reasons discussed, the motion will be granted.

## BACKGROUND

This lawsuit arises from Plaintiff Robert Kalk's employment with Defendant Fairfield Language Technologies et al.[1] ("Fairfield") in the state of Florida and the operation of a Non-Competition Agreement entered into by Mr. Kalk and Fairfield during his employment. In his Complaint (D.I. 1), Mr. Kalk alleges that after he left Fairfield's employ, Defendants sent a letter to his subsequent employer Auralog, Inc. ("Auralog"), which resulted in Auralog terminating Mr. Kalk's employment. Mr. Kalk's Complaint alleges claims of Tortuous [sic] Interference with Contract and Conspiracy Against Rights. Mr. Kalk alleges that the Court has subject matter jurisdiction due to the diversity of citizenship of the parties. The Complaint makes no reference to the Court's personal jurisdiction over Defendants.

Mr. Kalk is a *pro se* plaintiff, who resides in Wilmington, Delaware. Defendant Fairfield Language Technologies et al is incorporated in the Commonwealth of Virginia and has its principal place of business in Harrisonburg, Virginia; Defendant Eugene

---

[1] Defendants note in their Opening Brief (D.I. 4) that Defendant Fairfield Language Technologies et al. is legally named Fairfield & Sons DBA Fairfield Language Technologies.

2

Stoltzfus, Chairman and President of Fairfield Language Technologies, resides and works in the Commonwealth of Virginia; and Defendant Kathryn S. Fairfield, General Counsel for Fairfield Language Technologies, resides and works in the Commonwealth of Virginia.

By their Motion (D.I. 3), Defendants move to dismiss the Complaint for lack of personal jurisdiction pursuant to Rule 12(b)(2).

## DISCUSSION

### I. Standard Of Law

When reviewing a motion to dismiss pursuant to Rule 12(b)(2), a court must accept as true all allegations of jurisdictional fact made by the plaintiff and resolve all factual disputes in plaintiff's favor. Pinker v. Roche Holdings Ltd., 292 F.3d 361, 368 (3d Cir. 2002).

### II. Whether The Court Has Personal Jurisdiction Over Defendants

Defendants contend that there is no basis for general or specific jurisdiction over them in Delaware. Specifically, Defendants contend that they do not transact business in Delaware, own property in Delaware, or purposefully avail themselves of the privilege of conducting activities in Delaware. The parties do not dispute that Mr. Kalk was employed by Fairfield in the state of Florida.

To establish personal jurisdiction, a party must allege facts sufficient to satisfy two requirements: one statutory and one

constitutional. See Reach & Assoc., P.C. v. Dencer, 269 F. Supp. 2d 497, 502 (D. Del. 2003). According to the relevant portions of Delaware's Long-Arm Statute, 10 Del. C. § 3104, a court may exercise jurisdiction over any nonresident who (1) transacts business in Delaware; (2) contracts to supply services or things in the state; or (3) causes tortious injury in Delaware by an act or omission in Delaware. 10 Del. C. § 3104(c)(1)-(2). Personal jurisdiction may be asserted over a single act related to Delaware, provided the resulting claim has its basis in the asserted transaction. J. Jeffreys v. M. Exten, 784 F.Supp. 146, 151 (D. Del. 1992). However, the mere operation of a commercially interactive web site will not subject the operator to jurisdiction in Delaware. Toys "R" Us, Inc. v. Step Two, S.A., 318 F.3d 446, 454 (3d Cir. 2003). Rather, there must be evidence that a defendant "purposefully availed" itself of conducting activity in Delaware by directly targeting its website to the state, knowingly interacting with residents of the forum state via its website, or through sufficient other related contacts. Id.

Applying these principles in light of the standard of review provided for in Federal Rule of Civil Procedure 12(b)(2), the Court will grant Defendants' Motion because Mr. Kalk has failed to allege facts sufficient to support the Court's exercise of personal jurisdiction over Defendants.

In his Opposition To Defendants' Motion To Dismiss (D.I. 5), Mr. Kalk submits evidence that a description of and link to Defendants' website appear on the Delaware Immigration Directory's website. Mr.

4

Kalk contends this is sufficient for the Court to exercise personal jurisdiction over Defendants. However, the Court finds that Mr. Kalk does not adduce evidence that Defendants sought to be listed on the Delaware Immigration Directory's website. Thus, the Court concludes that Mr. Kalk has not offered evidence sufficient to allow the Court to conclude that Defendants "purposefully availed" themselves of conducting business in Delaware. Accordingly, the Court will grant the Motion To Dismiss The Complaint (D.I. 3) filed by Defendants Fairfield Language Technologies et al., Eugene Stoltzfus, and Kathryn S. Fairfield.

    An appropriate Order will be entered.