IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

FILED
CLERK U.S. DISTRICT COURT
DISTRICT OF DELAWARE

2005 MAY -5 PM 3: 02

Robert H. Kalk *pro se*
Post Office Box 56
Havre de Grace, MD 21078-0056
240-381-5289

***Plaintiff***

vs.

Civil Number: 04-1486 JJF

Fairfield & Sons *et al*
DBA Fairfield Language Technologies
135 W. Market St.
Harrisonburg VA 22801
540-432-6166

Eugene Stoltzfus
3893 Mountain Valley Rd
Keezletown, VA 22832-2100
540-269-2005

Kathryn S. Fairfield
165 S. Main Street
Harrisonburg, VA 22801
540-434-0059

***Defendants***

## Motion for Definite Statement

*Now the Plaintiff, having received and read the Court's ORDER and MEMORANDUM OPINION, respectfully states as follows:*

1     That there are omissions in the Court's Memorandum, omissions that serve to nullify constitutional imperatives and are highly relevant, pertaining to matters that were clearly on the record. The Plaintiff has moved to Maryland and shall re-file the Complaint there. He also plans to appeal this Court's decision to the United States Court of Appeals for the Third Circuit on behalf of those unsuspecting Citizens of Delaware still naive enough to believe the law will protect them. The Court is hereby afforded this onetime opportunity to state, for what shall become a widely published public record, whether its obvious omissions were deliberate or simply negligent. And;

2     That the Defendants have asked the Court to engage in the age old folly of straining at gnats while swallowing camels. Accordingly, the Court has indulged the Defendant in this case by condoning perjury. The Court, in its refusal to hold a proper hearing on the matter, has seen fit to ignore a perjures affidavit filed by Defendant Kathryn S. Fairfield and the possible subornation of perjury on the part of Defendant's counsel, Judith M. Kinney. And;

3    That the Court has seriously diminished the constitutional protections of all working Delawareans in its failure to honor its constitutional obligations and recognize the uniqueness of this case. This is a case where the Defendant claims protection through the Long Arm Statutes while simultaneously exercising its own "long arm" in Delaware, and asserting a supposed right to impair a Delaware resident's most fundamental right to work in his field anywhere throughout a universe of universes. And;

4    That the Court has stated that no evidence was offered that would allow the Court to conclude that the Defendants purposefully availed themselves of the opportunity to conduct business in Delaware. The Plaintiff not only provided the Court with an excerpt from the Delaware Immigration Directory showing the active solicitation of Delaware business, the Defendants, through their own attorney and on the record, have admitted to having paid for the insertion within that same Delaware Immigration Directory. And;

5    That the Plaintiff, having failed to secure any remedy through this Court, has decided to invoke the Court of Public Opinion. The Plaintiff has secured the Internet Domain <u>UnFairfield.Org</u> and intends to publish his own opinions concerning the squelching of competition, those who are intent on making a mockery of the most fundamental constitutional rights, and those in authority that are impotent or have otherwise failed to fulfill their constitutional obligations with respect to securing those rights. The Plaintiff shall also publish all material relevant to this case for the benefit of all potential consumers and industry participants.

6    That the Plaintiff has also secured the Internet Domain <u>RosettaClone.Com</u>. On this site the Plaintiff and others will combat the anti-competitive practices of Fairfield & Sons DBA Fairfield Language Technologies. This action shall include a challenge to any Trademark protection for the generic term Rosetta Stone. The site will also highlight the pedagogical unfitness of the term in light of Fairfield's idiosyncratic implementation. The site will expose the public domain components and generic qualities of Fairfield's product including the four-square multiple-choice format and other industry standard generic features. These activities will be ongoing while the Plaintiff actively enlists open source developers that could help to make language instruction more affordable for everyone. The Defendant will undoubtedly attempt to impair the Plaintiff's free speech rights, just as it has impaired his right to work. The Plaintiff, however, will not be deterred through the kind of simplistic reasoning, selective contextualization or legal sophistry that has characterized the immediate case. Arrangements are therefore underway to mirror the site in three countries.

*Whereas, the Plaintiff prays this honorable Court will,*

1    Describe with specificity and particularity what steps were taken in this case to insure process integrity and how the Court addressed the issue of perjury on the part of Defendant Kathryn S. Fairfield.

2    Describe with specificity and particularity what steps were taken to address the possible subornation of perjury by the Defendant's attorney, Judith M. Kinney, thereby to insure the integrity of judicial proceedings in Delaware.

3    Explain the value of a judicial proceeding that does not depend first and foremost on Truth, and instead relies on a confused and narrow disintegration of the Truth.

4    Explain the value of a judicial system that permits the long arm of a scofflaw Defendant to reach into Delaware destroying a resident's livelihood, making a mockery of the constitutional protections supposedly afforded to Delaware residents, and then enjoy the protections of Delaware's long arm statutes.

5   Describe how the Court came to conclude that a paid insertion in the Delaware Immigration Directory did not signify intent or demonstrate that the Defendants "purposely availed" themselves of the opportunity to conduct business in Delaware.

6   Refund the Plaintiff's $150. Filing fee due to the Court's failure to provide, a constitutionally guaranteed, fair and balanced review in the context of integrity centered process.


Submitted May 3, 2005 by

*[signature]*

Robert H. Kalk, *pro se*


**Certificate of Service**
I, Robert H. Kalk, hereby certify that on this 3rd day of May, 2005, I caused two (2) true and correct copies of the forgoing to be served upon the Attorney listed below for the Defendants, in the above captioned matter, via First Class, U.S. Mail.

Judith M. Kinney
1201 North Market Street, Suite 1500
Wilmington, DE. 19801

*[signature]*

Robert H. Kalk – 05-02-2005